UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MR. RICKEY WEAVER,<br><br>                  Plaintiff,<br><br>    v.<br><br>KINTOCK (3),<br><br>                  Defendant. | Civ. Action No. 23-2498 (JXN)(AME)<br><br>OPINION |

<u>**NEALS**</u>, District Judge

    **THIS MATTER** comes before the Court on *pro se* Plaintiff Mr. Rickey Weaver's ("Plaintiff") civil rights complaint (the "Complaint) filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). The Court previously granted Plaintiff's application to proceed *in forma pauperis* and directed the Clerk of Court to file the Complaint (ECF No. 3). In accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court *sua sponte* reviews the Complaint to determine whether it should be dismissed: (i) as frivolous or malicious; (ii) for failure to state a claim upon which relief may be granted; or (iii) because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court dismisses the Complaint *without prejudice* for failure to state a claim and to comply with Federal Rule of Civil Procedure 8. Plaintiff may file an amended complaint no later than 30 days from the date of the accompanying Order.

I. **BACKGROUND**[1]

On or about May 5, 2023, Plaintiff, a prisoner in Bayside State Prison, located in Leesburg, New Jersey, filed the Complaint alleging what appears to be an Eighth Amendment medical care claim against "Kintock (3) Supervisor" ("Kintock") (Compl. at 2, 5)[2]. Plaintiff claims that because all the individuals in the room he was housed in caught Covid-19, he experienced chest pains and shortness of breath (*Id.*). And that despite suffering from high blood pressure and kidney failure, Plaintiff did not receive medical attention, which Kintock purportedly witnessed (*Id.*).

II. **STANDARD OF REVIEW**

District courts screen complaints in civil actions where a prisoner is proceeding *in forma pauperis* (*see* 28 U.S.C. § 1915(e)(2)(B)), seeks redress against a governmental employee or entity (*see* 28 U.S.C. § 1915A(b)), or brings a claim with respect to prison conditions. (*See* 42 U.S.C. § 1997e). To that end, the Court may *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"A pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action will not" satisfy Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted); Fed. R. Civ. P. 8(a)(2). To overcome a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to demonstrate that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] The following facts are taken from the Amended Complaint, which the Court accepts as true.
[2] The Court refers to the ECF header page numbers for the documents discussed herein.

inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2013) (citation and internal quotations omitted). Plaintiff's *pro se* Complaint does not excuse the requirement that he "allege sufficient facts . . . to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

The Court finds that the Complaint fails to state a claim and does not comply with Federal Rule of Civil Procedure 8. In liberally construing the Complaint, the Court is unable to discern what claim Plaintiff is asserting against Kintock, which accordingly does not provide Kintock "fair notice of what the claim is and the grounds upon which" Plaintiff "rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and internal quotations and ellipses omitted). Indeed, the Complaint fails to allege any facts against Kintock. Thus, the Complaint as currently presented fails to state "[f]actual allegations" that are "enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Therefore, the Court dismisses the Complaint *without prejudice* for failure to state a claim and to comply with Rule 8.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint (ECF No. 1) is dismissed *without prejudice*. Plaintiff may file an amended complaint no later than 30 days from the date of the accompanying Order.

DATED: 11/1/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

3